## Lodge, Appellant, *v*. United Gas Improvement Company.

*Negligence—Gas company—Explosion of gas—Evidence.*

In an action against a gas company to recover damages for personal injuries, it appeared that plaintiff while lighting a stove in the cellar of his father's house was injured by an explosion. It appeared that in the cellar was a considerable quantity of gasoline. The father testified that on the evening before the explosion he discovered no gas when he put out the light in the cellar, and none in the morning when he passed through the kitchen. Plaintiff testified that when he opened the cellar door he smelled gas, but that it did not seem to be much. He did not say with any certainty that it was illuminating gas, and not the vapor of gasoline. Three days after the explosion a small break was found in a gas pipe in the third house away from that in which the explosion occurred. It was not shown that the gas had passed from this pipe to the cellar of plaintiff's father. *Held,* that evidence of defendant's negligence was insufficient to submit to the jury.

Argued May 24, 1904.   Appeals, Nos. 3 and 4, May T., 1904, by plaintiffs, from judgment of C. P. Dauphin Co., June T., 1902, No. 364, on verdict for defendant non obstante veredicto in case of John Lodge by his next friend and father George H. Lodge and George H. Lodge in his own right v. United Gas Improvement Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

At the trial it appeared that on June 23, 1901, plaintiff was injured by an explosion in the cellar of his father's house while

he was lighting a fire. At the time of the accident there was a considerable quantity of gasoline in the cellar. The evidence as to the presence of illuminating gas in the cellar is summarized in the opinion of the Supreme Court.

Verdict for plaintiff. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William M. Hargest*, with him *Paul A. Kunkel* and *John E. Patterson*, for appellant.

*M. E. Olmsted* and *C. H. Bergner*, with them *A. C. Stamm*, for appellee.

PER CURIAM, June 15, 1904 :

Whether the explosion which resulted in the injury sued for was caused by illuminating gas was not shown beyond a mere conjecture that it might have been. The direct testimony of the plaintiffs, father and son, who were in position to know most about the presence of such gas in the cellar at the moment of the explosion, tends to show that there was none there, the father saying that he discovered no gas there the evening before when he put out the light in the cellar, and none in the morning when he passed through the kitchen, and the son that when he opened the door he smelled gas, but it did not seem to be much, and he did not say with any certainty that it was illuminating gas and not the vapor from gasoline of which it was admitted there was a considerable quantity there.

But even if it were shown that gas was there and caused the explosion, the negligence of defendant would not necessarily follow. No break in defendant's pipes, or place of escape of gas was found until after the explosion, and then it was one which might have been caused by the explosion itself, and was in the third house away from plaintiffs, from which its passage to plaintiff's cellar was highly improbable and certainly was not shown.

On the whole case the alleged cause of action was too uncertain and too remote to sustain a recovery.

Judgment affirmed.